STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-03-079

RICHARD A. ALDERETTE, et al.,

Plaintiffs

v.

**JUDGMENT**

PETER G. JARVIS, et al.,

Defendants

This case involves claims and counterclaims among the parties, who are abutting landowners in Hollis, Maine. Three principal issues must be resolved: the location of an easement benefiting Plaintiffs' property across land owned by the Defendants; whether the Plaintiffs' property is drained by a "watercourse" over Defendants' property and, if so, has it been obstructed; and have the Defendants acted in contempt of the court order of March 21, 2005. This case was heard at a jury-waived trial on December 7 and 8, 2005.

Claim Relating to Easement

The parties agree that the Plaintiffs' property is benefited by an easement over the Defendants' properties; however, the location of the easement is disputed. The Defendants assert that the proper location of the easement is shown on a survey prepared by Johann Buisman in 1996 and revised on June 6, 1997. The Plaintiffs assert that the proper location is shown on a later survey prepared by Mr. Buisman on February 24, 2005.

At trial[1] both Mr. Buisman and another experienced surveyor, Robert Yarumian, testified that upon reflection the Buisman survey dated February 24, 2005 (Plaintiffs' Exhibit #1) depicts the accurate location of the disputed easement. Further, it appears that the easement originally provided access to a no longer existing residence, which had been located on Plaintiffs' property. Thus, I find and conclude that the location of the disputed easement is as shown on the Buisman survey dated February 24, 2005 and this is an unrestricted easement for purposes of ingress and egress to Plaintiffs' property.

Claim Relating to Watercourse

The Plaintiffs' property is more remote from the Saco River than that of the Defendants. Water from Plaintiffs' property drains across the property of Ms. Ridlon and Mr. Grant, through a culvert under Route 35 and then into the Saco River. The parties dispute whether the source of the water is surface run-off or sub-surface springs and whether it flows through a drainage swale or a "watercourse".

Maine law provides that, while an abutter may place obstructions on his own property which interfere with the drainage of surface water from his upland neighbor's property, he may not obstruct an established "watercourse" which drains his neighbor's property. *Johnson v. Whitten*, 384 A.2d 698 (Me.1978). A watercourse is defined as a stream of water, which flows in a particular direction, through a defined channel having a bed with sides and banks and usually discharges into another body of water. It need not flow continuously, but must have a well-defined and substantial history. *Id.*

Based on the testimony at hearing and the observations made during the site visit, I find and conclude that both surface and sub-surface water is drained from

---

[1] Trial included an on-site visit.

Plaintiffs' land through a watercourse running over Defendants' property. There are active springs on the Plaintiffs' property. The water discharged from the springs flows through several shallow streamlets on Plaintiffs' property into a well-defined channel which is located on the Ridlon/Grant property. This channel runs parallel to the boundary line between these properties, turns east, passes through a culvert under Route 35 and empties into the Saco River. The channel is approximately two feet deep, is v-shaped with a bed and banks. Further, there is a reference to a "brook" in a 1906 deed in the chain of title to the Jarvis property. In sum, the Plaintiffs' have proven that this channel is a watercourse and, therefore, may not be obstructed by Defendants so as to impede the drainage off Plaintiffs' property.

Contempt

I find and conclude that the Defendants acted in violation of the order of March 21, 2005. This finding is based on observations made during a site visit to the property on July 29, 2005. (see order of July 29, 2005). A quantity of earth and crushed stone had been deposited in the watercourse, impeding the free flow thereof. The Defendants promptly removed the obstruction at my direction. Nevertheless, a finding of contempt is warranted.

At this point, injunctive relief is ordered in favor of Plaintiffs. The Defendants are ordered not to obstruct or interfere with the use of the easement as depicted on the Buisman survey dated February 24, 2005. Further, the Defendants are ordered not to interfere with the free flow of water in the watercourse described above.[2]

---

[2] Ms. Ridlon and Mr. Grant maintain an ornamental pond on their property which is located just before the watercourse enters the culvert under Route 35. They control the level of water in the pond through the use of a standpipe arrangement. This order does not require them to abandon the pond. However, the water level in the pond must be regulated so as not to impede the flow of water from Plaintiffs' property through the watercourse.

The Plaintiffs may submit written requests for further damages or sanctions, supported by affidavit. The Defendants may respond thereto within thirty days thereafter. I reserve the discretion to convene a further hearing or to decide the issues on the basis of the materials filed.

Dated:        April 25, 2006

G. Arthur Brennan
Justice, Superior Court


PLAINTIFF:
Alexandra Bartsch  Esq
205 Follen Rd
Lexington Ma   02421


Roger Putnam   Esq
PO Box 586
Portland Me   04112-0586


DEFENDANT:
Alan Nelson  Esq
PRESCOTT JAMIESON NELSON AND MURPHY
PO Box 1190
Saco Me   04072